UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES NELSON,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>NEVADA DEPT. OF CORRECTIONS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:24-cv-00180-ART-CLB<br><br>SCREENING ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. (ECF Nos. 1, 1-1, 1-3). The Court screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A and addresses the application and motion.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under

color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the

elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison ("ESP"). (ECF No. 1-1 at 1). Plaintiff sues Defendants NDOC, Grievance Coordinator P. Hernandez, Property Room Sergeant S. Moskoff, and Senior Correctional Officer Naegle. (*Id.* at 1-2). Plaintiff brings two claims[1] and seeks monetary damages. (*Id.* at 4-5).

---

[1] Plaintiff labels his two claims "Claim 2" and "Claim 3." (ECF No. 1-1 at 3-4).

Plaintiff alleges the following. In December 2022, C/O Naegle took Plaintiff's boombox because it did not have a cord. (*Id.* at 3). Plaintiff explained that he was waiting for a cord from the ESP CERT Team. (*Id.*) C/O Naegle ignored Plaintiff and took the boombox anyway. (*Id.*) C/O Naegle did not give Plaintiff an unauthorized property form. (*Id.*)

After C/O Naegle took Plaintiff's boombox, Plaintiff wrote multiple kites to Sgt. Moskoff. (*Id.* at 4). Sgt. Moskoff partially granted relief by giving Plaintiff a cord. (*Id.*) On July 26, 2023, C/O Gardner brought Plaintiff a cord but not his boombox. (*Id.* at 3). Sgt. Moskoff knows that Plaintiff has not been given back his boombox. (*Id.* at 4). Prison officials lost Plaintiff's boombox. (*Id.* at 3). Plaintiff states that it is cruel and unusual punishment to lock him up in a cell without his boombox. (*Id.*)

Plaintiff brings two claims for Eighth Amendment cruel and unusual punishment for property deprivation. (*Id.* at 3-4). The Court dismisses the Eighth Amendment claims without prejudice because there are no allegations in the complaint to support an Eighth Amendment violation. Instead, the Court interprets Plaintiff's allegations as a claim for Fourteenth Amendment due process property deprivation.

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff fails to state a colorable due process claim. Based on the allegations, C/O Naegle was not authorized to take Plaintiff's boombox because he did not fill out unauthorized property form. Moreover, Plaintiff seems to allege that prison officials negligently lost his boombox. Thus, prison officials engaged in both a negligent and an intentionally unauthorized deprivation of Plaintiff's boombox at different times. The State of Nevada provides Plaintiff with a meaningful post-deprivation remedy for this type of loss. *See* Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury). As such, the Court dismisses this claim with prejudice, as amendment would be futile.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel on a form stating that he is unlearned in the law, his issues are difficult, and he is unable to comprehend the proceedings. (ECF No. 1-3).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

In the instant case, Plaintiff has neither demonstrated a likelihood of success on the merits nor exceptional circumstances that warrant the

appointment of counsel. The Court denies the motion for appointment of counsel.

**IV.  CONCLUSION**

It is ordered that the complaint (ECF No. 1-1) is dismissed in its entirety with prejudice as amendment would be futile for failure to state a claim.

It is further ordered that the motion for appointment of counsel (ECF No. 1-3) is denied.

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **denied** as moot. It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court close the case and enter judgment accordingly.

DATED: October 3, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE